## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

MICHAEL DEAN STOUT                                                    PLAINITFF

v.                              No. 4:15CV00457-BSM-JJV

CAROLYN W. COLVIN,
ACTING COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION                              DEFENDANT

### RECOMMENDED DISPOSITION

### Instructions

The following recommended disposition was prepared for United States Chief District Judge Brian S. Miller.   A party to this dispute may file written objections to this recommendation.   An objection must be specific and state the factual and/or legal basis for the objection.   An objection to a factual finding must identify the finding and the evidence supporting the objection.   Objections must be filed with the clerk of the court no later than fourteen days from the date of this recommendation.[1]   The objecting party must serve the opposing party with a copy of an objection.   Failing to object within fourteen days waives the right to appeal questions of fact.[2]   If no objections are filed, Judge Miller may adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

## Reasoning for Recommended Disposition

Michael Dean Stout seeks judicial review of the denial of his application for social security disability benefits.[3] Mr. Stout last worked as a cabinet maker, making custom cabinets for aircraft interiors.[4] He stopped working when he was injured in a motor vehicle accident. He claims he has been disabled since June 21, 2013 — the date of the accident. Mr. Stout based disability on injuries from the accident and degenerative disc disease.[5]

**The Commissioner's decision**. After considering the application, the ALJ identified severe impairments: fractures of the lower limbs, affective disorders, and anxiety disorders.[6] The ALJ determined the impairments permit sedentary work involving incidental interpersonal contact.[7] The ALJ assessed that Mr. Stout can no longer do his past work, but using the services of a vocational expert, identified work he can perform despite his impairments.[8] The ALJ concluded that Mr. Stout is not disabled and denied the application.[9]

After the Appeals Council denied review,[10] the ALJ's decision became the

---

[3]SSA record at pp. 149 & 155 (applying on Jan. 10, 2014, and alleging disability beginning June 21, 2013)

[4]*Id*. at pp. 162, 185 & 191.

[5]*Id*. at p. 184.

[6]*Id*. at p. 11.

[7]*Id*. at p. 13.

[8]*Id*. at pp. 21-22.

[9]*Id*. at p. 22.

[10]*Id*. at p. 1.

Commissioner's final decision for the purpose of judicial review.[11]  Mr. Stout filed this case to challenge the decision.[12]  This recommendation explains why substantial evidence supports the decision and why the ALJ made no legal error.

**Mr. Stout's allegations**.  Mr. Stout claims substantial evidence does not support the decision.  He challenges the evaluation of his credibility and says the ALJ failed to conduct a function-by-function analysis of his physical ability to work.[13]

**Applicable legal principles**.  When reviewing a decision denying an application for disability benefits, courts must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[14]  For substantial evidence to exist, a reasonable mind must accept the evidence as adequate to support the determination that Mr. Stout can do sedentary work.[15]

---

[11]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating that "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[12]Docket entry # 1.

[13]Docket entry # 8.

[14]*See* 42 U.S.C. § 405(g) (requiring district court to determine whether Commissioner's findings are supported by substantial evidence and whether Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

[15]*Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990) ("Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'").

Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools."[16]  The ALJ required work involving incidental interpersonal contact.[17]  The question for this Court is whether a reasonable mind will accept the evidence as adequate to show Mr. Stout could do such work.

**A reasonable mind will accept the evidence as adequate because it shows no very serious functional limitation preventing sedentary work**.  Sedentary work "represents a significantly restricted range of work.  Individuals who are limited to no more than sedentary work by their medical impairments have very serious functional limitations."[18]  Mr. Stout's claim flowed from injuries sustained in a motor vehicle accident:  fractures to the lower right leg and fractures to the left ankle.[19]  At first, recovery required surgery and a wheelchair,[20]

---

[16]20 C.F.R. §§ 404.1567(a) & 416.967(a).

[17]SSA record at p.13 (requiring work involving limited interaction with others; tasks with few variables, learned by demonstration or repetition within 30 days; little judgment; and simple, direct, supervision).

[18]SSR 96-9p, *Pol'y Interpretation Ruling Titles II & XVI: Determining Capability to Do Other Work--Implications of a Residual Functional Capacity for Less Than a Full Range of Sedentary Work*.

[19]SSA record at p. 376.

[20]*Id*. at p. 350 (July 5, 2013: discharged from rehabilitation facility with wheelchair, bedside commode, and tub transfer bench).

then, a walking boot,[21] and ultimately, a cane.[22]  The right leg injuries healed well,[23] but the left ankle injuries remained problematic.[24]

Mr. Stout could walk using a left-ankle brace and cane, but with pain and limited range of motion in the left ankle.  At one point, walking resulted in a fracture to a bone in the left foot and re-booting.[25]  According to one doctor, the left ankle may never have normal, pain-free range of motion.[26]

The medical evidence supports the determination that Mr. Stout was limited to sedentary work because the left ankle injury prevented the walking and standing required for higher exertional levels of work, but sedentary work does not require much walking or standing.  Instead, sedentary work requires mostly sitting.  Mr. Stout testified that he cannot sit to work because of a pinched nerve in his back,[27] but he also testified that he elevated his

---

[21]*Id*. at p. 372 (Sept. 4, 2013: cleared for full-weight-bearing with boot on left ankle).

[22]*Id*. at p. 369 (Oct. 16, 2013: out of the boot and using a cane; encouraged to do as much walking as possible) & p. 418 (June 19, 2014: full weight-bearing with cane).

[23]*Id*. at p. 369 (Oct. 16, 2013: near complete healing of right side fractures) & p. 391 (Dec. 18, 2013: right ankle has near normal range of motion) & p. 419 (June 19, 2014: right side fractures well-healed with intra medullary nails in good position).

[24]*Id*. at pp. 370-71 (Oct. 16, 2013: significant left ankle pain and stiffness; left ankle injury will heal slower due to nature of injury), p. 418 (June 19, 2014: limited range of motion in left ankle), p. 458 (Oct. 15, 2014: pain and limited range of motion) & p. 463 (Dec. 2, 2014: atrophy in left foot).

[25]*Id*. at p. 391 (Dec. 18, 2013: six months after the initial injuries, diagnostic imaging showed a new fracture in bone of left foot, probably due to mal-positioning when walking).

[26]*Id*. at p. 458 (Oct. 15, 2014: opinion by foot specialist).

[27]*Id*. at p. 35.

feet most of the day.[28] Elevating the feet necessarily required sitting.  Diagnostic imaging showed nothing preventing sitting.[29]

Mr. Stout complains because the ALJ discounted his claim of pain, but no serious question existed about whether Mr. Stout experienced left-ankle pain.  The critical question is whether his pain was so severe as to prevent sedentary work.[30]  A reasonable mind will accept the evidence as adequate to support the credibility evaluation because Mr. Stout experienced pain from prolonged walking or standing, and because sedentary work requires no prolonged walking or standing.  To the extent he relies on back pain as a reason for being unable to work, diagnostic imaging undermines his credibility.

Mr. Stout suggests the ALJ failed to conduct a function-by-function analysis of his ability to work, but the reduction to sedentary work embodied a determination that he could not walk or stand long enough for higher levels of work, and that he could sit long enough to do sedentary work.  Expert medical assessments addressed physical ability on a function-by-function basis.[31]  Mr. Stout's injuries clearly changed his ability to work, but the injuries

---

[28]*Id*. at p. 36.

[29]*Id*. at p. 452 (mild inferolateral left foraminal narrowing at L4/5 from far left broad-based left protrusion, approximation of left L4 nerve root without gross displacement; annular bulging with posterior annular fissure at L5/S1 without significant canal or foraminal compromise; mild to moderate facet arthropathy throughout the lumbar spine without acute osseous abnormality).

[30]*Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991) ("As is true in many disability cases, there is no doubt that the claimant is experiencing pain; the real issue is how severe that pain is.").

[31]SSA record at pp. 48, 58, 70-71 & 86-87.

did not preclude all substantial gainful activity.

## Conclusion

I do not doubt that Mr. Stout suffers from some degree of pain and limitation as a result of his accident.  I am sympathetic to his claims.  But substantial evidence supports the decision because a reasonable mind will accept the evidence as adequate to support the decision.   The ALJ made no legal error.  For these reasons, I recommend DENYING the Complaint (docket entry # 2) and AFFIRMING the Commissioner's decision.

Dated this 16th day of May, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE